# CASES

IN THE

# SUPREME JUDICIAL COURT

IN

## THE COUNTY OF WASHINGTON, JUNE TERM, 1831.

---

### STROUT *vs.* GOOCH & AL.

Where the officer and the execution debtor being together, the debtor said he had surrendered; and the officer thereupon remarked that he had appointed a third person to be his keeper; this was held to be sufficient evidence of an arrest.

THIS was an action of debt brought by a constable of the town of *Alexander*, on a penal bond dated *Dec.* 18, 1827 ; reciting that the plaintiff had on that day arrested *Ebenezer Gooch*, the principal defendant, upon an execution against him ; that on his complaint a justice of the peace had assigned the 17th day of *March*, 1828, for him to appear at a certain place and take the poor debtor's oath ; pursuant to the act of *Feb.* 9, 1822 ; and conditioned that he should so appear and take the oath, if admitted ; and if not, that he should surrender himself within ten days thereafter, to the same officer, or to the prison keeper, to be dealt with as if no such proceedings had been had. Upon oyer of the bond and condition, the defendants pleaded that within the ten days, the oath not having been allowed, *Gooch*, the debtor, did surrender himself to the officer agreeably to the condition of the bond. And upon this point issue was taken.

At the trial, before *Parris J.* it appeared that the parties, and several others, having met on the 24th of *March*, 1828, *Gooch*, in the hearing of the plaintiff, said to a witness that he had surrendered. The plaintiff did not deny this, but observed that he had "appointed *Joel Gooch* as his keeper;" upon which *Joel* said, "if you have appointed me keeper, here he is." The residue of the testimony related to disputes about a new bond, and some personal conflicts between the officer and the debtor, during about five hours in which they were together, which resulted in the departure of the officer without the prisoner. Upon the facts developed at the trial, and reported by the Judge, the parties agreed to refer the case to the decision of the court.

*Porter* for the plaintiff, and *Vance* for the defendants, having submitted the cause without argument, the opinion of the court was delivered by

MELLEN C. J. The only question is whether the testimony furnishes proof of a surrender of *Ebenezer Gooch* to *Strout*, the plaintiff, within ten days next after the 17th day of *March*, 1828. The parties were together on the 24th of *March*, and the defendant, *Ebenezer Gooch*, in the hearing of the plaintiff, said he had surrendered; meaning, undoubtedly, that he had surrendered himself to the plaintiff, in compliance with the condition of his bond. This statement the plaintiff did not deny; but in addition to this implied assent to the truth of the statement made by *Gooch*, he observed that he had appointed *Joel Gooch*, (the brother of the defendant,) his keeper. He had no right to do this, unless there had been a surrender; and according to the dates of the above transaction, such surrender must have been after the 17th of *March*, and before the expiration of ten days next following that day. On these facts, the plea of the defendants is maintained. We have nothing to do with any other facts in the report, or the controversy about the bond—a non-suit must be entered.